application to this case. In that case the plaintiff recovered a judgment against a manufacturing company. On the same day the defendant obtained a judgment against the same company upon an offer and acceptance. In an action against the defendant for damages for fraud in obtaining the judgment, the court properly held that it was a subject of equitable jurisdiction as to who was entitled to the fund arising from the sale under the several executions. In this case no such question arises. We think, therefore, that the judgment must be affirmed, with costs. All concur.

---

### BLAKE v. BOLTE.

(City Court of New York, General Term. June 20, 1894.)

EXEMPTIONS—SALARY—SUPPORT OF FAMILY.
Code Civ. Proc. § 2463, which exempts the salary of a person from liability for his debts where it is necessary for the use of his family, does not apply to one who supports orphan nieces, as he is not legally obliged to support them.

Appeal from special term.

Action by Israel Blake against Herman Bolte. An order was made, directing defendant to pay plaintiff's judgment out of his salary, and defendant appeals. Affirmed.

The opinion of NEWBURGER, J., at special term, is as follows:

This is an application that defendant apply part of his salary to the payment of plaintiff's judgment. It appears that the defendant is in receipt of a salary of $500 a month, but claims that he uses the same for the support of his family. He is a widower, and has one son, 26 years of age, who is married, and does not live with the defendant. Section 2463 of the Code exempts the earnings of the judgment debtor for his personal services, when it appears that those earnings are necessary for the use of a family wholly or partly supported by his labor. It is also claimed by the defendant that he supports two orphan nieces. I know of no legal obligation on the part of the defendant to support them, and therefore it is not within the exemption provided for in the Code. As the defendant claims to expend but $150 for the support of his son, there remains sufficient to pay plaintiff's claim herein. Let an order be made, directing the defendant to pay plaintiff's judgment out of the salary due him for the month of May.

Argued before FITZSIMONS and CONLAN, JJ.

Philip Carpenter, for appellant.
Joseph A. Kent, for respondent.

FITZSIMONS, J. The order appealed from is affirmed, with costs, on the opinion of the special term justice.

---

(9 Misc. Rep. 326.)

### COHN v. HILL et al.

(City Court of Albany. June, 1894.)

LIABILITY OF TENANT FOR REPAIRS.
Under a covenant to "make all necessary repairs," a tenant is liable for the breaking of a plate glass of the building, though it was broken without his fault.